UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BELKIS S.,

                                                    DECISION AND ORDER

                    Plaintiff,

                                                    20-CV-6804L

                 v.

KILOLO KIJAKAZI,
Commissioner of Social Security,

                    Defendant.
_____

Pending before the Court is a motion by counsel for plaintiff, a prevailing party in this action for Social Security benefits, for an order awarding attorney's fees pursuant to 42 U.S.C. §406(b). (Dkt. #25). Pursuant to a contingent fee agreement permitting an award of attorney's fees of up to 25% of the past-due benefits award, plaintiff's counsel, Howard D. Olinsky, seeks an award of $16,804.93 (25% of the award for past-due benefits), and will refund to plaintiff the amount previously awarded for attorney fees under the Equal Access to Justice Act ("EAJA"). The Commissioner does not oppose plaintiff's motion. (Dkt. #28).

The Court finds that the amount of the requested fee is reasonable, in light of the character of the representation, plaintiff's counsel's expertise, the results that were achieved, and the absence of any delay in the proceedings by counsel. *See Silliman v. Barnhart*, 421 F.Supp.2d 625 (W.D.N.Y. 2006); *Joslyn v. Barnhart*, 389 F.Supp.2d 454 (W.D.N.Y.2005). The Court has reviewed the time records submitted by plaintiff's counsel (Dkt. #25-4, #25-5, #25-6), and I find no evidence of delay or duplication of effort.

The Court has also considered the deference that is owed to agreements between an attorney and client, the interest in assuring future representation for disability claimants, and the lack of any factor indicating that the requested award would result in a windfall, and notes that the amount sought does not exceed the statutory 25% cap, or the amount to which counsel is entitled under plaintiff's fee agreement. *See* 42 U.S.C. §406(b)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002).

With respect to whether the requested award would result in a windfall, the Court observes that the amount of attorney's fees that counsel stands to receive – $16, 804.93 – results in a *de facto* hourly rate of $253.62 for the 60.7 hours of attorney time expended (assuming a $100.00/hour rate for the 14.1 hours of paralegal time expended). This amount is well within, and even significantly below, the upper range of awards approved in recent cases of this nature. *See e.g., Fields v. Kijakazi*, 24 F.4th 845, 2022 U.S. App. LEXIS 2628 (2d Cir. 2022)(approving rate of $1,556.98 as reasonable for New York City firm); *Campana v. Saul*, 2020 U.S. Dist. LEXIS 122259 at *4 (W.D.N.Y. 2020)(approving hourly rate of $1,000, which although "very high by Western New York standards" was justified by the necessity of encouraging counsel to take contingency-fee cases); *McDonald v. Commissioner*, 2019 U.S. Dist. LEXIS 51643 at *5-*6 (W.D.N.Y. 2019) (*de facto* rate of $1,051.64 is not unreasonable); *Baker v. Colvin*, 2014 U.S. Dist. LEXIS 109038 at *4 (W.D.N.Y. 2014)(*de facto* hourly rate of $1,308.79 is not unreasonable).

Nonetheless, the "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). The Second Circuit has recently cautioned against undue reliance on a lodestar analysis of hourly rates in determining whether a requested fee would result in a windfall, holding

that "[f]or a district court to find that the fee provided by a contingency fee agreement in [disability] cases is unreasonable, and to do so solely on the grounds that the amount requested is a windfall, it must first be truly clear that the fee is *unearned* by counsel." *Fields*, 2022 U.S. App. LEXIS 2628 at *3, *21-*22 (emphasis added. *See also McDonald*, 2019 U.S. Dist. LEXIS 51643 at *4 (a "lodestar analysis may also be helpful in analyzing the windfall factor but the lodestar figure does not determine reasonableness").

"Among the factors to be considered [in considering whether a requested fee would be a windfall] are the ability and expertise of the lawyers and whether they were particularly efficient." *Fields*, 2022 U.S. App. LEXIS 2628 at *15-*16. Indeed, "[i]t would be foolish to punish a firm for its efficiency and thereby encourage inefficiency," by reducing a high *de facto* hourly rate that is simply the result of accomplished lawyers doing "what other lawyers might reasonably have taken twice as much time to do." *Id*., 2022 U.S. App. LEXIS 2628 at *17 (citing *Jeter v. Astrue*, 622 F.3d 271, 380-81 (5th Cir. 2010)).

The Court is persuaded here, upon consideration of all of the factors relevant to a reasonableness determination, that the requested fee would not be windfall. In so finding, the Court takes note of counsel's extensive experience in the field of Social Security disability law, his investment of time and effort in this matter notwithstanding the uncertainties inherent in any Social Security appeal, and the significant results obtained.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for attorney's fees pursuant to 42 U.S.C. §406(b) (Dkt. #25) in the amount of $16,804.93 is granted. The award is to be made payable to Howard D. Olinsky, Esq., attorney for plaintiff.

If counsel has not already refunded the amount of previously-awarded EAJA fees to the plaintiff pursuant to 28 U.S.C. §2412, counsel is directed to do so now.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 2, 2022.